IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL V. LOMBARDI, #16314-043**                                               **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO.  3:14-cv-691-DPJ-FKB**

**THE POLO CLUB OF BOCA RATON**                                               **DEFENDANT**

<u>ORDER OF DISMISSAL</u>

    This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Michael V. Lombardi, an inmate incarcerated at the Federal Correctional Institution in Miami, Florida, files this *pro se* Complaint [1].  The named Defendant is The Polo Club of Boca Raton, located in Boca Raton, Florida.  Plaintiff is requesting relief in the amount of $50,000,000.  Compl. [1] at 1.  Upon liberal review of the Complaint [1] and Response [10], the Court has determined that this civil action must be dismissed because the Court lacks subject-matter jurisdiction to consider Plaintiff's claims.  *See* Fed. R. Civ. P. 12(h)(3).

**I.    Background**

    Plaintiff claims that because of Defendant's "many counts of negligence" he has lost "both current and future earnings."  Compl. [1] at 1.  Plaintiff states that the Court has jurisdiction of this matter because the amount in controversy is greater than $10,000 and "[t]he action was filed in Federal Court in the Fifth Circuit of the United States, since that is where the supposedly illegal action on the part of the plaintiff took place in U.S. v. Lombardi."  *Id.*  Plaintiff asserts in his Complaint [1] the following claims:  Fraudulent Misrepresentation; Tortious Interference with a Contract; Negligent Misrepresentation; Intentional Infliction of Emotional Distress; Tort of Outrage; Defamation; Tortious Interference with Business Relationships; and Malice.  In support of some of his claims, Plaintiff explains that the Defendant "through it's [sic] employee's

[sic], made false representations on many occa[]sions" that were used against Plaintiff in his criminal case. *Id.* at 4. According to Plaintiff, these misleading statements resulted in Plaintiff being sentenced "to serve a 51 month federal prison sentence."[1] *Id.* at 5.

## II.   Analysis

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The Court may raise *sua sponte* the issue of whether jurisdiction exists to consider a complaint.  *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999).  The burden to establish federal jurisdiction is on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  In the event the Court determines that it lacks subject-matter jurisdiction, the case must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

Lombardi's Complaint [1] raises state-law claims that fall beyond the Court's federal-question jurisdiction.  *See* 28 U.S.C. § 1331 (creating original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").  But Lombardi's state-law claims would provide subject-matter jurisdiction if Lombardi could establish diversity jurisdiction under  28 U.S.C. § 1332(a).  There are two components to diversity jurisdiction:  (1) the parties must be "citizens of different States"; and (2) the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  This seems to be the path Lombardi travels.  Though he fails to

---

[1] A review of the records reveals that Plaintiff was sentenced to 51 months in the custody of the Bureau of Prisons as a result of pleading guilty to Conspiracy to Commit Visa Fraud, False Statements, and Fraud in Foreign Labor Contracting in violation of 18 U.S.C. § 371. *See United States v. Lombardi*, No. 1:11-cr-76-KS-RHW (S.D. Miss. Aug. 23, 2012).

cite § 1332 in his Complaint or mention the citizenship of the parties, he apparently invokes the second prong for diversity jurisdiction when averring that the "amount in controversy is greater than $10,000." Compl. [1] at 1.[2] His $50-million demand easily satisfies the jurisdictional threshold.

The magistrate judge noted Lombardi's apparent reliance on diversity jurisdiction and his failure to adequately establish that he and Defendant are citizens of different states. Oct. 14, 2014 Order [9]. But because Lombardi represents himself, the Court gave him an opportunity to demonstrate the existence of diversity jurisdiction. *Id.* In his Response [10], Lombardi states that he and the defendant are both "located" in Florida. Pl.'s Resp. [10] at 1. He then argues that "jurisdiction and venue [are] proper in the Fifth district for the following reasons: Venue is proper in the Fifth district pursuant to 28 USC Section 1391(b)(2) because a substantial part of the events and omissions give [sic] rise to plaintiff's claims occurred in this district." *Id.*

Lombardi confuses venue and jurisdiction. Whether venue would be proper is beside the point. The Court may not act without subject-matter jurisdiction. And diversity jurisdiction does not exist "if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). The Court gave Lombardi the opportunity to meet his burden of showing diversity jurisdiction, but he failed to do so. *See* Pl.'s Resp. [10].[3] Absent subject-matter jurisdiction, his claims must be dismissed. *See Lovell v. Hunt Oil Co.*, 205 F.3d 1338, 1999 WL 1338402, at *1 (5th Cir. 1999) (per curiam) (unpublished

---

[2]Lombardi cites the jurisdictional amount that existed before § 1332(a) was amended in 1988 and again in 1996.

[3]Because Lombardi proceeds *pro se*, the Court reviewed its docket with respect to the underlying criminal proceedings and confirmed that he was identified as a citizen of Florida at the time he was sentenced.

table decision) (holding that "[i]n the absence of either federal-question or diversity jurisdiction, a district court may dismiss an action for lack of subject-matter jurisdiction" as required by Fed. R. Civ. P. 12(h)(3)).

Finally, to the extent the Complaint can be read as challenging Plaintiff's conviction and sentence, "[s]ection 2255 provides the primary means of collateral attack on a federal sentence." *See Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). When a plaintiff asserts claims that are habeas in nature along with other claims, the Court should separate the claims, if possible. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (holding "in instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so"). Because Plaintiff has previously filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, *see United States v. Lombardi*, No. 1:11-cr-76-KS-RHW (S.D. Miss. Sept. 6, 2013), the Court will not liberally construe his claims relating to his conviction and sentence as a motion pursuant to § 2255 but will dismiss those claims without prejudice so that Plaintiff may seek authorization from the United States Court of Appeals for the Fifth Circuit to pursue a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3).

### III.    Conclusion

As explained above, Lombardi's Complaint will be dismissed without prejudice for lack of subject-matter jurisdiction. To the extent the claims relate to his conviction and sentence, those claims will be dismissed without prejudice so that Lombardi may seek authorization from the Fifth Circuit to file a second or successive habeas petition.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed without prejudice for lack of subject-matter jurisdiction and without prejudice in all other respects. A separate final judgement shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of December, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE